UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ADRIAN FLORES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.:** |
| **v.** | § | |
| | § | |
| **COASTAL SPRAY COMPANY,** | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| **Defendant.** | § | |
| | § | |
| | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

ADRIAN FLORES (hereinafter "Plaintiff"), complains of COASTAL SPRAY COMPANY, and

for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended.

3. Plaintiff files this Complaint and complains of discrimination on the basis of age under Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

4. This action seeks lost wages (past, present, and future), liquidated damages, injunctive relief, attorney's fees, actual damages, exemplary damages, taxable court costs, pre-judgment and post-judgment interest.

### PARTIES

1

5. Plaintiff, Adrian Flores, is a resident of La Porte, Texas.

6. Defendant, Coastal Spray Corporation is a corporation authorized to do business in the state of Texas and process may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## VENUE

7. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because a substantial portion of the events or omissions giving rise to the claim occurred here. *See* 28 U.S.C. § 1391(b)(2).

## JURISDICTION

8. This court has personal jurisdiction of this action because the unlawful employment practices were committed within the jurisdiction of this Court.

9. This court has subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the Civil Rights Act of 1964, as amended, and the ADEA.

## PROCEDURAL PREREQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has exhausted all other administrative remedies from said agency to pursue his claims.

11. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about July 10, 2021.

12. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling him to file suit on his claims of discrimination based on race, age and retaliation on or about

December 30, 2021.

13.    The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

14.    Plaintiff is a Hispanic male, who began working for Defendant in approximately 2016.

15.    At the time of Plaintiff's termination, Plaintiff was 46 years old.

16.    Plaintiff worked as a landscaper.

17.    Plaintiff was assigned to the "ExxonMobil Greenbelt" location, an undeveloped area bordering the ExxonMobil refinery in Baytown, Texas.

18.    Plaintiff was a strong performer, and had no disciplinary issues during his employment with Defendant.

19.    However, on February 8, 2021, Plaintiff was terminated from his employment.

20.    Plaintiff was told by one of his supervisors, David Velasquez, that he was being terminated, but Mr. Velasquez would not provide Plaintiff with a reason for his termination.

21.    Plaintiff spoke with a different supervisor, Manuel Raymundo, regarding his termination. Mr. Raymundo told Plaintiff that Plaintiff was being terminated due to a lack of work.

22.    Plaintiff told Mr. Raymundo and Mr. Velasquez that he believed he was being terminated on the basis of his race, but both individuals assured him that he was not being terminated due to his race.

23.    However, Plaintiff later learned that he was being replaced by another individual named "Jonathan" who was much younger than Plaintiff.

24.    Plaintiff was also told by another supervisor that he was being terminated because Plaintiff does not speak English.

3

## COUNT I

## DISCRIMINATION BASED ON RACE UNDER TITLE VII

25. Plaintiff re-alleges and incorporates into count one, paragraphs 1-23.

26. Defendants, by and through their agents and employees, especially Manuel Raymundo and David Velasquez, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff his race, by firing Plaintiff due to his race.

27. Defendant, by and through their agents, have maintained a policy of race discrimination in violation of the foregoing statute against Plaintiff.

28. If Plaintiff were not Hispanic, he would not have been unlawfully discharged.

## COUNT II

## TERMINATION ON THE BASIS OF RETALIATION

29. Plaintiff re-alleges and incorporates into count two paragraphs 1-33.

30. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, because of its retaliation for complaints of race discrimination.

31. Defendant, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statutes against Plaintiff.

32. If Plaintiff had not complained of race discrimination, he would not have been terminated.

## COUNT III

## DISCRIMINATION ON THE BASIS OF AGE UNDER ADEA

33. Plaintiff re-alleges and incorporates into count one, paragraphs 1-23.

4

34. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the ADEA, as amended.

35. Defendants, by and through their agents, have maintained a policy of age discrimination, and unlawfully terminated Plaintiff in violation of the foregoing statute.

36. If Plaintiff was not over 40, he would not have been terminated.

## DAMAGES

37. As a direct and proximate result of the aforementioned acts, Plaintiff suffered loss of wages, past, present, and future, as well as compensatory damages, including, but not limited to emotional distress.

## PUNITIVE DAMAGES

38. Defendant's actions were intentional, willful, harsh, oppressive, and malicious. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages and liquidated. Plaintiff, therefore, seeks exemplary and liquidated damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

39. Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of The Villa Law Firm in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

5

40.    Plaintiff hereby restates his request for a jury trial.

## PRAYER

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a.  Back Pay;

    b.  Pre-Judgment Interest on Back Pay;

    c.  Front Pay or reinstatement;

    d.  Liquidated damages;

    e.  Compensatory damages;

    f.  Exemplary damages;

    g.  Attorney's Fees and Costs;

    h.  Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Dated: March 30, 2022                         Respectfully submitted,

**THE VILLA LAW FIRM**

*/s/Edwin E. Villa*
Edwin E. Villa
Attorney-In-Charge
S.D. Tex. #3339324
TX Bar #24110485
Email: edwin@villafirm.law
Matthew P. Swiger
S.D. Tex. #2276929
TX Bar # 24088495
Email: matthew.p.swiger@gmail.com

***ATTORNEYS FOR PLAINTIFF***

6

7